08-6078-ag
Pyie v. Holder

BIA
Hom, IJ
A095 869 523

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26ᵗʰ day of March, two thousand ten.

PRESENT:
        RALPH K. WINTER,
        JOSÉ A. CABRANES,
        REENA RAGGI,
            Circuit Judges.

_____

AUNG PYIE,
        Petitioner,

        v.                                   08-6078-ag
                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,*
        Respondent.

_____

FOR PETITIONER:        Aung Pyie, pro se, Forest Hills, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Civil Division; Anh-Thu P. Mai-Windle, Senior Litigation Counsel; Julie M. Iversen, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Aung Pyie, a native and citizen of Burma, seeks review of a November 21, 2008 order of the BIA: (1) affirming the October 22, 2004 decision of Immigration Judge ("IJ") Sandy K. Hom denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and (2) denying petitioner's motion to remand. In re Pyie, No. A 095 869 523 (B.I.A. Nov. 21, 2008), aff'g No. A 095 869 523 (Immig. Ct. N.Y. City Oct. 22, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we deny Pyie's motion to supplement the administrative record. See 8 U.S.C. § 1252(b)(4)(A); Xiao Xing Ni v. Gonzales, 494 F.3d 260 (2d Cir. 2007).

I. **Application for Relief**

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision, i.e., minus

2

the arguments for denying relief that were rejected by the BIA.  See Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005).  The applicable standards of review are well-established.  See 8 U.S.C. § 1252(b)(4)(B); Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's adverse credibility determination.  See Corovic v. Mukasey, 519 F.3d at 90,95 (2d Cir. 2008).  As the IJ found, Pyie's asylum application did not mention that he was "arrested and detained" overnight five or six times subsequent to his initial August 1998 arrest as he testified, only indicating that he was "summoned" to the police station and questioned. The BIA reasonably found that this constituted a material discrepancy concerning his encounters with police because being "summoned" does not encapsulate the concept of being detained for twenty-four hours, regardless of whether Pyie appeared at the police station voluntarily.  Cf. Diallo v. INS, 232 F.3d 279, 288 (2d Cir. 2000).  Because the discrepancy was dramatic, the agency did not err in relying on it without first soliciting an explanation from Pyie. See Majidi v. Gonzales, 430 F.3d 77, 81 (2d Cir. 2005).

Additionally, the IJ reasonably found that Pyie's

3

asylum application failed to mention the alleged torture that occurred during his initial August 1998 detention. When asked what Pyie meant when he said he was tortured, Pyie responded that he was pushed or hit on the back, resulting in his face hitting a desk and the loss of some of his teeth.  As the IJ found, Pyie's asylum application did not mention that incident.  Although Pyie asserts that he adequately explained the omission of the incident and his resulting injury, his explanations would not compel a reasonable factfinder to credit them.  See Majidi, 430 F.3d at 81.  The BIA reasonably found that the omission was material to his claim because it concerned the details of his encounters with police and whether he was subjected to any physical mistreatment.  See 8 U.S.C. § 1101(a)(42).

Although the BIA did err in conflating some details of the IJ's inconsistency and omission findings, the BIA reasonably found that Pyie omitted material aspects of his claim from his asylum application – that he was mistreated by police and repeatedly detained.  Accordingly, remand is not required because it can be confidently predicted that the agency would again find Pyie not credible.  See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 338-39 (2d Cir.

4

2006); see also Cheng Tong Wang v. Gonzales, 449 F.3d 451, 454 (2d Cir. 2006) ("This Court has repeatedly held that omissions that go to a heart of an applicant's claim can form the basis for an adverse credibility determination.").

Because substantial evidence supports the agency's adverse credibility determination, Pyie's claims for asylum, withholding of removal, and CAT relief fail because the only evidence that he was likely to be persecuted or tortured depended upon his credibility. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006); Xue Hong Yang, 426 F.3d at 523.

## II.  Motion to Remand

The BIA's denial of a motion to remand is held to the substantive standard of review for motions to reopen and reconsider, i.e., abuse of discretion. Li Yong Cao v. Dep't of Justice, 421 F.3d 149, 151 (2d Cir. 2005). The BIA did not abuse its discretion in finding that the country conditions evidence did not demonstrate Pyie's prima facie eligibility for the relief he sought in light of the adverse credibility determination. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). That finding was dispositive of Pyie's motion to remand. See INS v. Abudu, 485 U.S. 94, 104-05 (1988).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk